IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellant, vs. ROBERT ANTHONY HOUSE, Defendant-Appellee | No. 20-30169 D.C. No. 1:19-cr-00096-SPW-1 |

APPELLANT'S MOTION TO HOLD IN ABEYANCE

Appellant, United States of America, respectfully requests that this Court hold this case in abeyance. This request is based on the following:

1. On July 18, 2019, a grand jury charged Robert Anthony House with being a felon and controlled substance user in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and (3), respectively. On January 23, 2020, House pled guilty to both charges.

2. House has a prior conviction for Criminal Possession of Dangerous Drugs (Marijuana) with Intent to Distribute from 2007 as well as a conviction for Accountability for Criminal Distribution of Dangerous Drugs (Cocaine) from 2011.

1

3. At House's sentencing, the District Court found that both of his prior convictions for distribution of dangerous drugs qualified as a "controlled substance offense" for purposes of United States Sentencing Guideline § 4B1.2(b).

4. House appealed and filed his opening brief on December 11, 2020, contending neither of his prior convictions was a "controlled substance offense." House's argument as to his marijuana distribution conviction is identical to the holding recently articulated by this Court in *United States v. Bautista*, No. 19-10448 (9th Cir. Nov. 23, 2020), *as amended* (Dec. 11, 2020).

5. That analysis for House's cocaine distribution offense also hinges on this Court's determination in *Bautista*: that under USSG § 4B1.2(b), a sentencing court must consider the prior state offense under federal law as it existed at the time of sentencing rather than when the defendant was convicted of the underlying offense. *Id* at 7. Specifically, House relies in part on a change to 21 C.F.R. § 1308.12(b)(4) involving cocaine, which occurred after his prior conviction but before he was sentenced federally.

6. House did not raise his specific argument as to cocaine before the trial court. As such, this Court's opinion in *Bautista* will also impact how it will review House's contention on appeal because it held that the district court committed plain

error by not comparing the elements of Bautista's prior state crime to federal law as it existed when he was sentenced. *Bautista*, at 10.

7. On December 21, 2020, the United States timely filed a Petition for Panel Rehearing in *Bautista* pursuant to Federal Rule of Appellate Procedure 40(a)(1). The Government argued first that the district court did not err in considering Bautista's prior marijuana distribution conviction a "controlled substance offense" and, second, the district court did not commit plain error. That petition is still pending.

8. The government's response to House's opening brief is currently due January 11, 2021.

9. Vann Arvanetes, counsel for House, has been contacted and has no objection to this motion.

10. Bail Status of Defendant: House is in custody. He was sentenced to a term of 48 months of imprisonment followed by three years of supervised release. His current projected release date is October 8, 2022.

WHEREFORE, the United States respectfully requests this Court hold this case in abeyance pending the issuance of a final disposition in *Bautista*.

//

//

DATED this 4th day of January, 2021.

                        LEIF JOHNSON
                        Acting United States Attorney

                        */s/ Karla E. Painter*
                        KARLA E. PAINTER
                        Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I electronically filed the foregoing with the Clerk of Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Karla E. Painter*
KARLA E. PAINTER
Assistant U.S. Attorney